1

2                                        **E-Filed 9/6/06**

3

4

5

6

7

8                            NOT FOR CITATION

9                  IN THE UNITED STATES DISTRICT COURT

10          FOR THE NORTHERN DISTRICT OF CALIFORNIA

11                           SAN JOSE DIVISION

12

13  LAWRENCE PIRVUL, et al.,            Case Number C 06-03336 JF

14                    Plaintiffs,       ORDER[1] DENYING PLAINTIFFS'
                                        MOTION FOR REMAND
15          v.
                                        [re: docket no. 6]
16  PORTOLA PACKAGING, INC., et al.,

17                    Defendants.

18

19          Plaintiffs Lawrence Pirvul ("Pirvul"), Ellen Gallagher ("Gallagher"), and David Coffey

20  ("Coffey") move to remand the instant action to Santa Clara Superior Court.  Defendant Portola

21  Packaging, Inc. ("Portola") opposes the motion.  The Court heard oral argument on September 1,

22  2006.  For the reasons set forth below, the motion will be denied.

23

24                               **I. BACKGROUND**

25          On April 14, 2006, Pirvul (a resident of California), Gallagher (a resident of California),

26  and Coffey (a resident of Arizona) filed a complaint in the Santa Clara Superior Court against

27  Portola, a Delaware corporation with its principal place of business in Illinois, and Does One

28  ───────────────

        [1] This disposition is not designated for publication and may not be cited.

through Fifteen.  Plaintiffs allege three claims against Portola: (1) breach of contract, (2) breach of the implied covenant of good faith and fair dealing, and (3) unjust enrichment and constructive trust.  On May 19, 2006, Portola removed the action to this Court.  Portola argues that the instant action is subject to federal jurisdiction because Plaintiffs' claims arise out of federal law in that the alleged employee benefit plan at issue is subject to the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1001, *et seq.*  Portola also argues that the action is subject to federal jurisdiction based on diversity of citizenship.

Plaintiffs allege the following.  Pirvul was employed as Manager of Equipment Engineering by Portola in its San Jose, California facility from August, 1994 until his termination in May, 2005.  Notice of Removal, Ex. A, ¶ 7.  Gallagher was employed by Portola as Executive Administrator at the same facility from May, 1999 until her termination in May, 2005.  *Id.* ¶ 8.  Coffey was employed by Portola at its Tolleson, Arizona facility as Maintenance Manager until his termination in May, 2005.  *Id.* ¶ 9.  At the time Plaintiffs were hired, Portola had in place a severance policy that applied to its employees in case of layoff or reduction in force.  *Id.* ¶ 11.  The policy provided that affected employees would receive severance pay as follows: one month's pay for up to two years service, two months' pay for over two years and up to three years service, three months' pay for over three years and up to ten years service, and six months' pay for over ten years service.  *Id.* ¶ 11; Notice of Removal, Ex. D.  The policy also included 50% matching of the benefit continuation provisions of the Consolidated Omnibus Budget Reconciliation Act ("COBRA") payments by the company for eighteen months. Notice of Removal, Ex. A, ¶ 11; Notice of Removal, Ex. D.

In May, 2005, Plaintiffs were terminated as part of a layoff.  Notice of Removal, Ex. A, ¶ 12.  Plaintiffs allege that upon termination they were provided severance in the amount of one week's pay for every year of service and fifty percent matching of COBRA payments for ninety days.  *Id.*  Portola did not provide prior notice to Plaintiffs regarding any changes in Portola's severance policy.  *Id.*  Plaintiffs allege that Portola owes them the total sum of $44,982.72, compensation for COBRA payments not provided, and other consequential damages.  *Id.* ¶ 22.

1  Plaintiffs also request actual, consequential and incidental damages for loss of income and

2  benefits, back pay, interest, general damages, punitive damages, and attorney's fees and costs.

3  *Id.*, Prayer for Relief.

4  ## II. LEGAL STANDARD

5        Pursuant to 28 U.S.C. § 1441(a), often referred to as "the removal statute," a defendant

6  may remove an action to federal court if the plaintiff could have filed the action in federal court

7  initially.  28 U.S.C. § 1441(a); *see also Ethridge v. Harbor House Restaurant,* 861 F.2d 1389,

8  1393 (9th Cir. 1988).  A party may file an action in federal court if there is diversity of

9  citizenship among the parties or if the action raises a substantial federal question.  *Ethridge*, 861

10 F.2d at 1393.  The party invoking the removal statute bears the burden of establishing federal

11 jurisdiction.  *Id.*  The removal statute is strictly construed against removal.  *Id.*  The matter

12 therefore should be remanded if there is any doubt as to the existence of federal jurisdiction.

13 *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

14

15 ## II. DISCUSSION

16       Plaintiffs argue that removal based on preemption is not applicable in this case because

17 the severance policy at issue is not an "employee benefit plan" and thus is not governed by

18 ERISA.  An applicable ERISA plan must be at issue in order for ERISA to preempt state law

19 claims and to provide removal jurisdiction.  *See Ting v. AT&T*, 319 F.3d 1126, 1136 (9th Cir.

20 2003) (noting that ERISA shall supersede any and all state laws insofar as they may now or

21 hereafter relate to any employee benefit plan).  Severance benefits may or may not qualify as

22 ERISA employee benefit plans.  29 U.S.C. § 1002(1)(a) (stating that an "employee welfare

23 benefit plan" is any plan maintained for purpose of providing benefits in the event of

24 unemployment); *Velarde v. PACE Membership Warehouse, Inc.*, 105 F.3d 1313, 1317 (9th Cir.

25 1997) (holding that severance pay was not considered a plan for purposes of ERISA preemption);

26 *Delaye v. Agripac, Inc.*, 39 F.3d 235, 237 (9th Cir. 1994) (holding that severance pay may

27 constitute a plan within the meaning of ERISA); *Bogue v. Ampex Corp.*, 976 F.2d 1319, 1323

28 (9th Cir. 1992) (holding that severance pay was considered an "employee welfare benefit plan"

3

1    under ERISA).

2         The test to determine whether a plan is covered by ERISA is: "does the benefit package

3    implicate an ongoing administrative scheme?"  *Velarde*, 105 F.3d at 1316 (citing *Fort Halifax*

4    *Packing Co. v. Coyne*, 482 U.S. 1 (1987)).  In *Delaye* the Ninth Circuit evaluated an employment

5    contract pertaining to a single employee who was the president and chief executive officer of the

6    company.  *Delaye*, 39 F.3d at 236.  The contract provided that if Delaye was terminated without

7    cause, he would receive a fixed monthly amount for twelve to twenty-four months according to a

8    set formula, plus a continuation of his health insurance until he found other employment or until

9    monthly payments ceased according to the terms of the contract.  *Id.*  The Ninth Circuit held that

10   Delaye's contract did not implicate an ongoing administrative scheme and thus was not a plan

11   covered by ERISA.  *Id.*  The court reasoned that "[w]hile payment could continue for as long as

12   two years, there is nothing discretionary about the timing, amount or form of the payment,"

13   which was fixed according to a set formula.  *Id.*  Additionally, it concluded that "[s]ending

14   Delaye, a single employee, a check every month plus continuing to pay his insurance premiums

15   for the time specified in the employment contract does not rise to the level of an ongoing

16   administrative scheme."  *Id.* at 237.  Plaintiffs argue that Portola's original severance policy is

17   almost identical to that in *Delaye*.  Like the policy at issue in *Delaye*, Portola's original policy

18   provided for monthly payments of fixed amounts according to a set formula.

19        Portola contends that the severance policy does constitute an ongoing administrative

20   scheme because, in contrast to the policy at issue in *Delaye*, Portola's original policy applied to a

21   large group of employees.   However, the number of employees potentially covered by a

22   severance policy is not a stand-alone determinative factor in determining whether a plan is an

23   ongoing administrative scheme.  The employer in *Velarde* was required to determine eligibility

24   and make payments based on years of service to at least twenty-five employees.  *Velarde*, 105

25   F.3d at 1315.  In *Bogue*, however, the Ninth Circuit concluded that an ERISA-covered ongoing

26   administrative scheme did exist where the severance benefits applied to ten executive employees.

27   *Bogue*, 976 F.2d at 1321.  The *Bogue* severance plan applied to the ten employees if they were

28   terminated and were not offered "substantially equivalent" employment by the company or its

4

1   buyer.  *Id.*  The court held that because the defendant company was obligated to exercise its

2   discretion on ten separate occasions as to whether or not an employee had been offered

3   substantially equivalent employment, the company was applying enough "ongoing,

4   particularized, administrative, discretionary analysis to make the program in this case" an ERISA

5   plan.  *Id.* at 1323.  With respect to Portola's original policy, the only discretion to be exercised by

6   Portola is the determination of whether or not an employee was terminated "for cause" or if an

7   employee resigned before his or her scheduled termination date.  Notice of Removal, Ex. D.

8   However, making a determination of "for cause" termination entails a minimal quantum of

9   discretion which is insufficient to turn a severance agreement into an ERISA plan.  *Velarde*, 105

10  F.3d at 1317.   In light of the relevant authorities, the number of employees affected does not, in

11  and of itself, elevate Portola's original policy to the level of an ongoing administrative scheme

12  covered by ERISA.

13          Portola also contends, however, that this modified severance policy under which

14  Plaintiffs actually were paid constitutes an ongoing administrative scheme subject to coverage by

15  ERISA.  The modified severance policy differs from the original policy in three primary ways.

16  First, the modified policy expressly applies "[i]n the event of involuntary termination due to a

17  reduction in force/downsizing, change in company direction, job elimination, or termination for

18  performance."  Defendant's Memorandum of Points and Authorities in Opposition to Plaintiffs'

19  Motion for Remand, Ex. A.  The policy further states that it "does not apply to terminations for

20  cause, refusal to be assigned or refusal to be relocated."  *Id.*  Second, the policy states that "[t]he

21  company, at its discretion, may provide for outplacement services."  *Id.*  Third, pursuant to the

22  modified policy, Portola "reserves the right to make exceptions to this policy at its discretion in

23  respect of cases of outstanding merit or hardship."  *Id.*  These additions explicitly require Portola

24  to exercise discretion, not simply to determine whether or not an employee was terminated for

25  cause.  Additionally, the fact that Portola has the discretion to make exceptions to the policy

26  implicates an **"**ongoing, particularized, administrative, discretionary analysis" that makes the

27  modified policy more akin to the plan in *Bogue*.  *Bogue*, 976 F.2d at 1323.  Such discretion also

28  implicates ERISA's purpose of protecting employees from losing their pensions and benefits due

5

1  to employer mismanagement. *See Delaye*, 39 F.3d at 237. Accordingly, this Court concludes
2  that the modified policy is covered by ERISA.

3       Plaintiffs argue that Portola has not followed ERISA's reporting and disclosure
4  requirements with regard to the plan. However, "[o]nce established, ERISA operates to protect
5  an employee's interest in the welfare benefit program regardless of whether the employer
6  complies with the administrative and reporting requirements detailed under ERISA." *Blau v. Del*
7  *Monte Corp.*, 748 F.2d 1348, 1352 (9th Cir. 1985) *abrogation on other grounds recognized by*
8  921 F.2d 889 (9th Cir. 1990).

9       Plaintiffs also argue that removal based upon the modified policy is improper because this
10 precise basis for removal was not identified in Portola's Notice of Removal. Plaintiffs have not
11 cited, nor is the Court aware of, any authority that would require remand when an allegation
12 made in a complaint is not included in a notice of removal. Congress has manifested a clear
13 intent to make causes of action within the scope of ERISA removable to federal court. *See*
14 *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 66 (1987). Because Plaintiffs seek to prevent
15 application of the modified policy, and the evaluation of Plaintiffs' claims may turn on
16 interpretation of this policy, the Court concludes that the fact that the modified policy is covered
17 by ERISA is sufficient to establish federal question jurisdiction.[2] Accordingly, the Court will
18 deny Plaintiffs' motion to remand.

19
20                                   **IV. ORDER**
21       Good cause therefore appearing, IT IS HEREBY ORDERED that the motion for remand
22 is DENIED.

23
24
25
26
27
28
       _____

       [2] In light of this disposition the Court need not address the issue of diversity jurisdiction.

                                        6

1    DATED: September 6, 2006

2

3

4                                                          _____
                                                           JEREMY FOGEL
5                                                          United States District Judge

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Case No. C 06-03336 JF
ORDER DENYING PLAINTIFFS' MOTION FOR REMAND
(JFEX1)

1  This Order has been served upon the following persons:

2  Marlene S. Muraco     mmuraco@littler.com, aignaitis@littler.com

3

4  Elizabeth L. Riles     eriles@strikebacklaw.com

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Case No. C 06-03336 JF
ORDER DENYING PLAINTIFFS' MOTION FOR REMAND
(JFEX1)