**\*\*E-filed 9/26/06\*\***

09-18-06   04:26pm   From-LITTLER MENDELSON        408 920 9753        T-925   P.002/006   F-591

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

Lawrence Pirvul, Ellen Gallagher and David Coffey

         Plaintiff(s),

v.

Portola Packaging, Inc., a corporation; and DOES One through Fifteen, inclusive,

         Defendant(s).

CASE NO. C06-03336 JF

STIPULATION AND [PROPOSED] ORDER SELECTING ADR PROCESS

Counsel report that they have met and conferred regarding ADR and have reached the following stipulation pursuant to Civil L.R. 16-8 and ADR L.R. 3-5:

The parties agree to participate in the following ADR process:

**Court Processes:**
    Non-binding Arbitration (ADR L.R. 4)
    Early Neutral Evaluation (ENE)   (ADR L.R. 5)
✓   Mediation (ADR L.R. 6)

*(Note: Parties who believe that an early settlement conference with a Magistrate Judge is appreciably more likely to meet their needs than any other form of ADR, must participate in an ADR phone conference and may not file this form. They must instead file a Notice of Need for ADR Phone Conference. See Civil Local Rule 16-8 and ADR L.R. 3-5)*

**Private Process:**
    Private ADR *(please identify process and provider)* _____

The parties agree to hold the ADR session by:
✓   the presumptive deadline *(The deadline is 90 days from the date of the order referring the case to an ADR process unless otherwise ordered.)*

    other requested deadline _____

Dated: 09/18/06

                                Attorney for Plaintiff

Dated: 09/18/06

                                Attorney for Defendant

09-18-06    04:27pm    From-LITTLER MENDELSON            408 920 8763         T-925   P.003/006   F-691

## [PROPOSED] ORDER

Pursuant to the Stipulation above, the captioned matter is hereby referred to:
    Non-binding Arbitration
    Early Neutral Evaluation (ENE)
✓   Mediation
    Private ADR

Deadline for ADR session
✓   90 days from the date of this order.
    other

IT IS SO ORDERED.

Dated: 9/21/06

UNITED STATES MAGISTRATE JUDGE
District

09-18-06   04:27pm   From-LITTLER MENDELSON           408 920 9753        T-925  P.004/006  F-691

<u>APPENDIX A - JOINT CASE MANAGEMENT STATEMENT AND PROPOSED ORDER</u>

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Lawrence Pirvul, Ellen Gallagher and David Coffey,<br><br>                                    Plaintiff(s),<br>v.<br>Portola Packaging, Inc., a corporation; and DOES One through Fifteen, inclusive,<br>                                    Defendant(s). | CASE NO. C06-03336<br><br>JOINT CASE MANAGEMENT STATEMENT AND PROPOSED ORDER |

The parties to the above-entitled action jointly submit this Case Management Statement and Proposed Order and request the Court to adopt it as its Case Management Order in this case.

### DESCRIPTION OF THE CASE

1. A brief description of the events underlying the action: The Plaintiffs were employed by Defendant in various positions including Manager of Equipment Engineering, Executive Administrator, and Maintenance Manager. Larry Pirvul was hired by Portola in August 1994, David Coffey was hired in August 1995 and Ellen Gallagher was hired in May 1999. All three were laid off in May 2005 -- Mr. Coffee on May 25th and Mr. Pirvul and Ms. Gallagher on May 27, 2005.

   At the time of their termination, all three Plaintiffs were paid severance in accordance with the terms of a severance policy dated April 29, 2005. Defendant asserts that it implemented the severance policy on the stated date. Plaintiffs deny that they received notice of a revised severance policy in April or May 2005 and thus claim that they were entitled to be paid severance under the terms of the prior (more generous) severance policy -- dated August 22, 2000. To that end, Plaintiffs' Complaint sets forth claims for breach of contract, breach of the implied covenant of good faith and fair dealing and unjust enrichment.

2. The principal factual issues which the parties dispute: 1) The terms of the alleged employment contract between Plaintiffs and Defendant; and 2) Whether Defendant took legally sufficient steps to implement the April 2005 severance plan.

3. The principal legal issues which the parties dispute: 1) Whether a contract relating to Defendant's severance package, the terms of which are alleged in Plaintiffs' complaint, existed or is legally enforceable; 2) Whether the Defendant breached the alleged contract; 3) Whether Defendant was unjustly enriched by the alleged breach of contract; and 4) Whether all of Plaintiffs' claims are preempted by ERISA.

4. The other factual issues *[e.g. service of process, personal jurisdiction, subject matter jurisdiction or venue]* which remain unresolved for the reason stated below and how the parties propose to resolve those issues: None.

5. The parties which have not been served and the reasons: None.

6. The additional parties which the below-specified parties intend to join and the intended time frame for such joinder: None.

7. The following parties consent to assignment of this case to a United States Magistrate Judge for *[court or jury]* trial: None.

### ALTERNATIVE DISPUTE RESOLUTION

8. *[Please indicate the appropriate response(s).]*

   ☐ The case was automatically assigned to Nonbinding Arbitration at filing and will be ready for the hearing by *(date)* _____.

   ☒ The parties have filed a Stipulation and Proposed Order Selecting an ADR process *(specify process)*- <u>Mediation</u>.

Published March 2000                **APPENDIX PG. 2**                American LegalNet, Inc.<br>www.USCourtForms.com

☐    The parties filed a Notice of Need for ADR Phone Conference and the phone conference was held on or is scheduled for _____.

☐    The parties have not filed a Stipulation and Proposed Order Selecting an ADR process and the ADR process that the parties jointly request [or a party separately requests] is _____.

9. Please indicate any other information regarding ADR process or deadline.

### DISCLOSURES

10. The parties certify that they have made the following disclosures *[list disclosures of persons, documents, damage computations and insurance agreements]*: Defendant has not yet disclosed the name, address and phone number of each individual likely to have discoverable information that Defendant may use to support its claims and defenses, but will do so on or before September 21, 2006. Defendant has disclosed that the following categories of documents are within its possession, custody or control and may be used to support its claims or defenses. 1) the contents of Plaintiffs' personnel files; 2) the August 22, 2000 severance policy; 3) the April 29, 2005 severance policy; 4) any documents relating to or reflecting the manner in which the April 29, 2005 severance policy was distributed or made available to Defendant's employees; and 5) copies of any severance policy that may have been in effect at the time each of the Plaintiffs were hired.

Plaintiffs have complied with the initial disclosure requirement pursuant to Federal Rules of Civil Procedure, Rule 26 by serving an Initial Disclosure Statement on Defendant on September 18, 2006. Plaintiff disclosed witnesses likely to have discoverable information that Plaintiffs may use to support their claims. Plaintiffs disclosed copies of the documents within their possession, custody or control and may be used to support their claims with the statement. Plaintiffs disclosed information regarding the damages being claimed.

### DISCOVERY

11. The parties agree to the following discovery plan *[Describe the plan e.g., any limitation on the number, duration or subject matter for various kinds of discovery; discovery from experts; deadlines for completing discovery]*:

The parties agree that:

1. All non-expert discovery shall be completed by January 26, 2007.

2. Any dispositive motions will be filed by February 1, 2007.

2. The parties shall be limited to ten depositions per side, 30 interrogatories per side, 45 requests for production per side and 20 requests for admissions per side.

3. The deadline for disclosure of expert witnesses shall be June 1, 2007. Any expert witness discovery shall be completed by July 31, 2007.

### TRIAL SCHEDULE

12. The parties request a trial date as follows: September 2007.

13. The parties expect that the trial will last for the following number of days: 4 days.

Dated: 9/18/06

[Typed name and signature of counsel.]
MARLENE S. MURACO

Dated: 9/18/06

[Typed name and signature of counsel.]
ELIZABETH RILES

Published March 2000     **APPENDIX PG. 3**     American LegalNet, Inc. www.USCourtForms.com

## CASE MANAGEMENT ORDER

The Case Management Statement and Proposed Order is hereby adopted by the Court as the Case Management Order for the case and the parties are ordered to comply with this Order. In addition the Court orders:

*[The Court may wish to make additional orders, such as:*
*a. Referral of the parties to court or private ADR process;*
*b. Schedule a further Case Management Conference;*
*c. Schedule the time and content of supplemental disclosures;*
*d. Specially set motions;*
*e. Impose limitations on disclosure or discovery;*
*f. Set time for disclosure of identity, background and opinions of experts;*
*g. Set deadlines for completing fact and expert discovery;*
*h. Set time for parties to meet and confer regarding pretrial submissions;*
*i. Set deadline for hearing motions directed to the merits of the case;*
*j. Set deadline for submission of pretrial material;*
*k. Set date and time for pretrial conference;*
*l. Set a date and time for trial.]*

Dated: _____

_____
UNITED STATES DISTRICT/MAGISTRATE JUDGE

Published March 2000                    **APPENDIX PG. 4**                    American LegalNet, Inc.
                                                                                www.USCourtForms.com